UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy Case No. 20-30706 |
| ) | Chapter 7 |
| PERFECT FIT INDUSTRIES, LLC, ) | |
| ) | |
| Debtor. ) | |

**MOTION TO ABANDON CERTAIN PERSONAL PROPERTY AND TO DESTROY CERTAIN BUSINESS RECORDS**

The Trustee, John W. Taylor, respectfully moves the Court pursuant to Bankruptcy Code § 554 and Bankruptcy Rule 6007 for an Order abandoning the bankruptcy estate's interest in certain personal property and for authority to destroy certain business records and in support thereof says:

1. The Debtor filed a Chapter 7 voluntary bankruptcy petition on July 24, 2020, in the U.S. Bankruptcy Court for the Western District of North Carolina.

2. John W. Taylor is the duly appointed and acting Chapter 7 Trustee for the Debtor's bankruptcy case.

3. Prior to this bankruptcy, the Debtor maintained a rented office located at 8501 Tower Point Drive, Charlotte, North Carolina.

4. The Trustee has visited the office as has the Trustee's auctioneer. The office contains: computers, used office furniture, used office equipment, consumer product samples and business records ("Personal Property").

5. The Trustee's accountant has previously secured business records necessary for the administration of the bankruptcy case. The Trustee also intends to remove computers that may contain information necessary to administer the case.

6. The Trustee and his auctioneer do not believe the used Personal Property would bring any net value to the estate in an auction or a bulk sale, as such a sale would require the Trustee to incur costs of selling including moving, commissions, and disposal of anything that did not sell.

7. In addition, some of the remaining business records contain personal identifying

information and financial account information.

8. The Trustee requests authority to destroy the remaining business records by having them shredded by a commercial shredding company.

9. The Trustee further requests to abandon all Personal Property that remains in the Debtor's office on September 30, 2020.

10. Section 544(a) of the Bankruptcy Code provides that "the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." "'[T]he only concern of the trustee in determining whether to abandon a claim is whether such action would be in the best interest of the estate.'" *In re Holzapfel*, No. 98- 00109-8-ATS, 2013 Bankr. LEXIS 1985, at *5 (Bankr. E.D.N.C. May 15, 2013) (quoting *In re Wilson*, 94 B.R. 886, 889 (Bankr. E.D. Va. 1989)). "'In carrying out his statutory duty to maximize the bankrupt's estate, the Trustee may abandon his claim to any asset . . . he deems less valuable than the cost . . . [of] administering the property.'" *In re Wilson*, 94 B.R. at 889 (citation omitted).

11. "[A] trustee's disposition of estate property is reviewable only for the purpose of determining whether the decision was made in an arbitrary or capricious manner . . . . Accordingly, when called upon to review contested applications for abandonment, a court must focus its examination upon the reasons underlying the trustee's determination and affirm a decision which reflects a business judgment 'made in good faith, upon a reasonable basis and with the scope of his authority under the Code.'" *Id.* at 888 (citing, *inter alia*, H.R. No. 99-764, 99 Cong., 2d Sess. 15).

12. Accordingly, in the sound exercise of his business judgment, the Trustee believes such remaining Personal Property is burdensome and of inconsequential value to the estate and should be abandoned so that the office space may be returned to the landlord as of September 30, 2020

13. This Motion is limited to the Personal Property described above and any order abandoning such Personal Property is not intended to abandon any other property of the bankruptcy estate, wherever it may be located.

WHEREFORE, the Trustee respectfully prays the Court that it enter an Order allowing the

Trustee to shred the remaining business records and to abandon the remaining Personal Property as set forth above and that he be granted such other and further relief that the Court may deem just and proper.

DATED this 9th day of September, 2020.

/s/ John W. Taylor
John W. Taylor, Bar No. 21378
Attorney for Trustee
John W. Taylor, P.C.
4600 Park Road, Suite 420
Charlotte, NC  28209
(704) 540-3622

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the MOTION TO ABANDON CERTAIN PERSONAL PROPERTY AND TO DESTROY CERTAIN BUSINESS RECORDS by either Electronic Case Filing as indicated or depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed to the below listed parties this 9th day of September, 2020.

| | |
|---|---|
| Anna S. Gorman, Attorney for Debtor | Via Electronic Case Filing |
| Joseph W. Grier, Attorney for Debtor | Via Electronic Case Filing |

/s/ John W. Taylor
John W. Taylor, Bar No. 21378
Attorneys for Trustee
John W. Taylor, P.C.
4600 Park Road, Suite 420
Charlotte, NC  28209
(704) 540-3622