UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-30706 |
| | ) | |
| PERFECT FIT INDUSTRIES, LLC, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF HEARING (HEARING SCHEDULED)**

Serta, Inc. has filed an Application for Payment of Administrative Expense Priority Claim. A copy of the Application is on file with the Bankruptcy Court for inspection by any interested party.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to allow the motion or if you want the Court to consider your views on the motion then prior to the hearing, you or your attorney must:

File with the Court a written request for a hearing, or if the Court requires a written response, an answer, explaining your position at: Clerk of Bankruptcy Court, 401 West Trade Street, Charlotte, North Carolina 28202.

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You must also mail a copy to:

Stacy C. Cordes
Burt & Cordes, PLLC
122 Cherokee Road, Suite 1
Charlotte, North Carolina 28207

Shelley K. Abel
Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC 28202

Beth E. Rogers
Rogers Law Offices
The Equitable Building
100 Peachtree Street, Suite 1950
Atlanta, Georgia 30303

Attend the hearing scheduled to be held on October 14, 2020 at 9:30 a.m. at the United States Bankruptcy Court, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina 28202.

DUE TO COVID-19, THE HEARING WILL BE CONDUCTED VIA ZOOM.GOV VIDEO CONFERENCE UNLESS OTHERWISE INDICATED BY THE COURT. All parties in interest who desire to participate in the hearing are required to receive training from the Court to participate.

Take any other steps required to oppose a motion or objection under local rule or court order.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

This the 17th day of September, 2020.

**BURT & CORDES, PLLC**
*/s/ Stacy C. Cordes*
Stacy C. Cordes
State Bar No. 18122
122 Cherokee Road, Suite 1
Charlotte, North Carolina 28207
Telephone:    704.332.3282
Facsimile:    704.332.3324

**ROGERS LAW OFFICES**
*/s/ Beth E. Rogers*
Beth E. Rogers, Georgia Bar No. 612092
The Equitable Building
100 Peachtree Street, Suite 1950
Atlanta, GA 30303
770.685.6320; 678.990.9959 (fax)
brogers@berlawoffice.com
*Attorneys for Serta, Inc.*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-30706 |
| | ) | |
| PERFECT FIT INDUSTRIES, LLC, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## SERTA, INC.'S APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM

COMES NOW Serta, Inc. ("Serta"), Movant, by and through its undersigned attorneys, and files its Application for Allowance and Payment of Administrative Expense Priority Claim and in support of such Application would show:

1.    This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper pursuant to 18 U.S.C. §§ 1408 and 1409. This is a contested matter pursuant to Fed. R. Bankr. P. 9014.

2.    Debtor Perfect Fit Industries, LLC filed this voluntary Chapter 7 case on July 24, 2020.

3.    On August 20, 2020, the Trustee, John W. Taylor, filed its Motion to Sell Inventory, Trademarks and Certain Personal Property Free and Clear of Liens, Claims, Encumbrances, and Other Interests Pursuant to 11 U.S.C. § 363.

4.    On August 28, 2020, Serta filed its Objection to Trustee's Motion to Sell, Ex Parte Motion to File its Exhibits to Objection to Trustee's Motion to Sell Under Seal, its Motion for Relief from Stay, and supporting Exhibits (collectively the "Objection")(Docs. 33-36).

5. On August 31, 2020, the matter came before this Court and the Court granted the Motion to Sell.

6. On September 3, 2020, the Court entered its Order Granting Trustee's Motion for Authority to Sell Inventory, Trademarks and Certain Personal Property Free and Clear of Liens, Claims, Encumbrances, and Other Interests Pursuant to 11 U.S.C. § 363.

7. Pursuant to the Order, certain inventory belonging to the Debtor, of which included significant portions of Serta Trademarked Inventory, was sold.

8. Debtor did not own or have a right to use the Serta Trademarks or sell the Serta Trademarked Inventory as the License Agreement between Serta and Debtor was terminated pre-petition. Despite same, Serta agreed to a resolution with R&M Group, whom purchased the majority of the Serta Trademarked Inventory, so that the Serta Trademarked Inventory could be sold and the value of same be maximized for the Bankruptcy Estate.

9. Royal Heritage paid the sum of $515,000.00 to the Trustee resulting in a benefit to the bankruptcy estate.

10. R&M Group paid the sum of $496,937.00 to the Trustee resulting in a benefit to the bankruptcy estate.

11. Serta received no royalties or consideration from the Debtor for the use of the Serta Trademarked Inventory.

12. Accordingly, Serta submits that it is entitled to an administrative priority expense claim for the amount of its Royalties due under the License Agreement that was terminated pre-petition.

11 U.S.C. § 503(b)(1)(A) provides:

(b) After notice and a hearing, there shall be allowed, administrative expenses … including -
(1)(A) the actual necessary costs and expenses of preserving the estate …

13.     In determining whether a claim is entitled to administrative status under Section 503(b)(1)(A), courts apply a two part test: (1) there must be a post-petition transaction between the creditor and the debtor; and (2) the estate must receive a benefit from the transaction. *In Re Ace Mortg. Funding, LLC*, 450 B.R. 484, 489 (Bankr. D. Del. 2011)

14.     The Debtor used Serta's Trademarked Property to receive a greater benefit to the estate from sale than it would have obtained without the Serta Trademarked Inventory. There was, therefore, a post-petition transaction between the Debtor and the Movant and the estate received a benefit from the transaction.

15.     Post-petition use of a Trademark pursuant to an Agreement that gave rise to a post-petition benefits qualifies as an administrative expense. *In re Beverage Canners Int'l Corp.*, 255 B.R. 89 (Bankr. S.D. Fla. 2000).

16.     Presumptively, the value of consideration received under an executory contract is the amount set forth in such contract. *In re Beverage Canners Int'l Corp.*, 255 B.R. 89, 93 (Bankr. S.D. Fla. 2000). *See In re B–K of Kansas, Inc.,* 99 B.R. 446, 448 (D. Kan. 1989); *see also Diversified Services, Inc. v. Harralson,* 369 F.2d 93, 95 (5th Cir.1966); *In the Matter of Lackow Brothers, Inc.,* 18 B.R. 770 (Bankr. S.D. Fla.1982).

WHEREFORE, Serta respectfully requests that this Court enter an Order pursuant to 11 U.S.C. § 503(b)(1)(A) allowing Serta an administrative expense priority claim in the amount of the Guaranteed Minimum Royalty provided in the License Agreement amount of $250,000.00 for the Debtor's use of Serta Trademarked Inventory.

This the 17th day of September, 2020.

**BURT & CORDES, PLLC**
*/s/ Stacy C. Cordes*
Stacy C. Cordes
State Bar No. 18122
122 Cherokee Road, Suite 1
Charlotte, North Carolina 28207
Telephone:   704.332.3282
Facsimile:    704.332.3324

**ROGERS LAW OFFICES**
*/s/ Beth E. Rogers*
Beth E. Rogers, Georgia Bar No. 612092
The Equitable Building
100 Peachtree Street, Suite 1950
Atlanta, GA 30303
770.685.6320; 678.990.9959 (fax)
brogers@berlawoffice.com
*Attorneys for Serta, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the below referenced date, I electronically filed the foregoing Application for Payment of Administrative Expense Priority Claim with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following parties:

Anna S. Gorman
Grier Wright Martinez, PA

John W. Taylor
John W. Taylor, P.C.

Joseph W. Grier, III
Grier Wright Martinez, PA

This the 17th day of September, 2020.

**BURT & CORDES, PLLC**
*/s/ Stacy C. Cordes*
Stacy C. Cordes
State Bar No. 18122
122 Cherokee Road, Suite 1
Charlotte, North Carolina 28207
Telephone:    704.332.3282
Facsimile:    704.332.3324

**ROGERS LAW OFFICES**
*/s/ Beth E. Rogers*
Beth E. Rogers, Georgia Bar No. 612092
The Equitable Building
100 Peachtree Street, Suite 1950
Atlanta, GA 30303
770.685.6320; 678.990.9959 (fax)
brogers@berlawoffice.com
*Attorneys for Serta, Inc.*