UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy Case No. 20-30706 |
| ) | Chapter 7 |
| PERFECT FIT INDUSTRIES, LLC, ) | |
| ) | |
| Debtor. ) | |

**MOTION OF TRUSTEE TO DETERMINE AMOUNTS OWED PURSUANT TO ORDER GRANTING TRUSTEE'S MOTION TO SELL ENTERED SEPTEMBER 3, 2020**

The Trustee, John W. Taylor, respectfully moves the Court pursuant to 11 U.S.C. § 105, 363 and Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to enter an order determining amounts owed under the Court's order entered September 3, 2020, authorizing the Trustee to sell inventory, trademarks and certain personal property. In support of this Motion, the Trustee states as follows:

**JURISDICTION AND NOTICE**

1.	John W. Taylor is the duly appointed and acting Chapter 7 Trustee in the above referenced bankruptcy case of Perfect Fit Industries, LLC that was filed on July 24, 2020.

2.	The Trustee brings the Motion pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9014.

3.	The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).

4.	The Bankruptcy Estate owned inventory, trademarks and certain personal property ("Personal Property").

5.	The Debtor scheduled inventory with a cost basis of $8,752,069.08 consisting of consumer warming and non-warming products including blankets, bedding and sofa covers. The Debtor scheduled the estimated liquidation value to be $800,000.00.

6.	The vast majority of the inventory was in the possession of Regal West Corporation

("Regal West") located in its fulfillment center/warehouse located in Anaheim, California. Regal West has asserted a warehouseman's lien under California law

7. On August 12, 2020, having received an offer on the inventory, the Trustee requested from Regal West a current payoff of its warehousemen's lien with a per diem going forward.

8. In response, on August 13, 2020, the Trustee received an AR statement showing invoices due totaling $739,296.86 and the statement, "Please see current AR statement on Aug 31 additional $86,226.51 will be charged for storage."

9. Unbeknownst to the Trustee the August 31, 2020, charge of $86,226.51 was for storages charges through and including September 30, 2020.

10. The Trustee filed his motion to sell inventory, trademarks and certain personal property and requested a hearing on shortened notice for September 1, 2020, in part to avoid the accrual of storage charges on the Personal Property.

11. On August 21, 2020, the Court granted the Trustee's motion for hearing on shortened notice.

12. During the hearing on September 1, 2020, the Parties to the contested matter reached an agreement in principle and requested a continuance to reduce the agreement to a written order. The hearing was continued to the morning of September 3, 2020, in case the Parties were unable to agree on the language of the order.

13. The Parties worked as expeditiously as possible, but had not completed the written order by the morning of September 3, 2020, so the Court continued the hearing to the afternoon of September 3, 2020 to allow the Parties more time to complete the written order.

14. The Parties were able to finalize the written order on the afternoon of September 3, 2020, after which it was submitted to the Court and entered the same day ("Order").

15. Pursuant to the Order, the Trustee sold Part One of the Personal Property for the sum of $515,000.00 to Royal Heritage Home, LLC ("Royal Heritage") and he sold Part Two of the Personal

Property for the sum of $496,937.00 to R&M Group, LLC ("R&M Group").

16. The sale closed on September 5, 2020, and the Trustee notified all Parties of the closing the same day.

17. Pursuant to the decretal paragraph 7 of the Order, the Trustee made the initial disbursement to Regal West in the amount of $835,523.37 on Saturday, September 6, 2020 and took the check to a FedEx Office location for Monday delivery. Due to an error by FedEx, the check was not delivered to Regal West until Tuesday, September 9, 2020.

18. Decretal paragraph 15 of the Order provides that the Bankruptcy Estate shall not be responsible for any charges associated with Part One of the Personal Property after closing. This is the Personal Property purchased by Royal Heritage Home.

19. This was done because Royal Heritage Home was entering into a separate agreement with Regal West for its storage charges post sale.

20. R&M Group was supposed to transfer Part Two of the Personal Property purchased by it because it was not entering into a new agreement with Regal West for storage. Given the volume of inventory, R&M Group requested that the Bankruptcy Estate be responsible for the storage charges for a period of up to 30 days as the Personal Property was being removed from Regal West.

21. Decretal paragraph 5 provides that the turnover of Part Two of the Personal Property to R&M Group is to be conducted as expeditiously as possible to minimize any additional storage fees associated with Part Two of the Personal Property.

22. The Trustee has be informed that R&M Group did not transfer the inventory from Regal West's warehouse, but rather entered into a separate agreement with Regal West for the storage of Part Two of the Personal Property.

23. The Trustee has receive the attached invoices from Regal West for payment by the Bankruptcy Estate ("Exhibit A")

24. Invoice number 324721 dated September 30, 2021, in the amount of $37,701.14 is for

October, 2020, storage charges for Part Two of the Personal Property purchased by R&M Group. R&M Group contends that these storage charges are the responsibility of the Bankruptcy Estate under the terms of the Order.

25. Invoice numbers 324480, 325047, 325644, 326168, 326455 and 327106 include charges for "BOL PNITING CHARGES", "E-Bill CHARGES", "BARCODE CHARGES" for which the Bankruptcy Estate is clearly not responsible.

26. Invoice numbers 324480, 325047, 325644, 326168, 326455 and 327106 do contain charges for palletizing and shrink-wrapping, totaling $18,016.00, for which the Bankruptcy Estate may be responsible for half of these charges had R&M Group transferred Part Two of the Personal Property from Regal West's warehouse, however the Trustee is in need of direction from the Court as to whether or not these charges are authorized under the Order and whether the Bankruptcy Estate is entitled to credit for the pre-paid storage charges for September 2020.

27. The Trustee believes that the Bankruptcy Estate is entitled for a refund of the storage charges paid by it for Part One of the Personal Property sold to Royal Heritage Home for the period September 6, 2020 through September 30, 2020.

28. The Trustee also believes that the Bankruptcy Estate is entitled to a refund for a portion of the storage charges paid by it for Part Two of the Personal Property sold to R&M Group for the period September 6, 2020 through September 30, 2020, for the amount paid in excess of the amount that would have been due had the inventory been transferred as expeditiously as possible.

29. There is an arithmetic error in decretal paragraph 7 which resulted in the initial payment to Regal West being overstated by $10,000.00 and such amount should either be refunded or credited to the Bankruptcy Estate as appropriate.

WHEREFORE, the Trustee respectfully prays the Court that it determine the amounts due under the Order by the Parties and order such payments, refunds and credits as the Court finds to be just and proper and that it grant the bankruptcy estate such other relief as may be just and proper.

Respectfully submitted this 22nd day of March, 2021.

/s/ John W. Taylor
John W. Taylor, Bar No. 21378
Attorney for Trustee
4600 Park Road, Suite 420
Charlotte, NC  28209
(704) 540-3622

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have served a copy of the MOTION OF TRUSTEE TO DETERMINE AMOUNTS OWED PURSUANT TO ORDER GRANTING TRUSTEE'S MOTION TO SELL ENTERED SEPTEMBER 3, 2020 by either Electronic Case Filing as indicated or depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed to the below listed parties this 22nd day of March, 2021.

| | |
|---|---|
| Joseph W. Grier, III, Attorney for Debtor | Via Electronic Case Filing |
| Regal West Corporation<br>Attn: Randy Neeves<br>6500 26th Street East<br>Fife, WA 98424-3648 | William E. Holt<br>1201 Pacific Avenue<br>Suite 2100<br>Tacoma, WA 98401 |
| Royal Heritage Home, LLC<br>Attn: Jeffrey Tauber<br>45 West 36th<br>5th Floor<br>New York, NY 10018 | R&M Group, LLC<br>Attn: Robert Heller<br>1100 Shames Drive, Suite 210<br>Westbury NY 11590 |

<u>/s/ John W. Taylor</u>
John W. Taylor, Bar No. 21378
4600 Park Road, Suite 420
Charlotte, NC 28209
(704) 540-3622